**WO**   RP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Michael Belnap,<br><br>            Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>            Defendants. | No. CV-05-3095-PHX-NVW (LOA)<br><br>**ORDER** |

On October 5, 2005, Sean Michael Belnap (Plaintiff), presently confined in the Winchester Unit of the Arizona State Prison Complex in Tucson, Arizona (ASPC-Tucson), filed with the Clerk of the Court a pro se "Civil Rights Complaint By A Prisoner" (Document #1) (Complaint), pursuant to 42 U.S.C. § 1983. Plaintiff did not pay the two hundred and fifty dollar ($250.00) filing fee, but filed a certified "Application To Proceed In Forma Pauperis By A Prisoner Civil (Non-Habeas)" (Application To Proceed) with the Complaint.

By Order filed October 26, 2005 (Document #5), Plaintiff's deficient Application To Proceed was denied without prejudice and Plaintiff was given thirty (30) days to pay the two hundred and fifty dollar ($250.00) filing fee, or in the alternative, to file with the Court a new, certified Application To Proceed, using the current, Court-approved form included with the Order, and a certified copy of his inmate trust fund account statement (or institutional

**JDDL**

- 1 -

1  equivalent) from the Arizona Department of Corrections (ADOC) Central Office for the six
2  (6) months immediately preceding the filing of the Complaint.

### MOTION FOR ENLARGEMENT OF TIME

To date, Plaintiff has not complied with the Court's October 26, 2005 Order.  However, on November 7, 2005, Plaintiff filed a "Motion for Enlargement of Time" (Document #6) (Motion), in which he requests an enlargement of time, extending the deadline by forty-five (45) days.  (Motion at 2).

In support of his request, Plaintiff alleges that he forwarded the Application To Proceed to ADOC's Central Office on October 31, 2005, and that he assumes that it will take more that thirty (30) days to comply with the Court's Order.  Id.  Good cause having been shown, Plaintiff's request for a forty-five (45) day enlargement of time will be granted.  Plaintiff will be given until January 9, 2006 to pay the two hundred and fifty dollar ($250.00) filing fee, or in the alternative, to file the new Application To Proceed, using the form included with the Court's previous Order, and a certified copy of his trust fund account statement(s) from the ADOC's Central Office for the six (6) months immediately preceding the filing of the Complaint.

### RULE 41(b) WARNING

Plaintiff is warned that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir.) (district court may dismiss action for failure to comply with any order of the court), cert. denied, 506 U.S. 915 (1992).

**IT IS THEREFORE ORDERED:**

(1)  That Plaintiff's "Motion for Enlargement of Time" (Document #6) is GRANTED;

(2)  That Plaintiff SHALL HAVE UNTIL January 9, 2006 to pay the two hundred and fifty dollar ($250.00) filing fee, or in the alternative, to file with the Court a new, certified Application To Proceed, using the form included with the Court's October 26, 2005 Order

JDDL

- 2 -

1  (Document #5). Plaintiff's Application To Proceed shall have an original signature by
2  Plaintiff, and shall include a copy of his trust fund account statement (or institutional
3  equivalent) for the six (6) months immediately preceding the filing of the Complaint which
4  is certified by an authorized officer of the Arizona Department of Corrections (ADOC). Both
5  Plaintiff's Application To Proceed and trust fund account statement shall have an original
6  signature of an authorized officer of the ADOC. If Plaintiff was held at more than one
7  institution during the six (6) months immediately preceding the filing of the Complaint, he
8  shall file a certified trust fund account statement(s) (or institutional equivalent) for each
9  institution where he was confined. The trust fund account statement(s) must show deposits
10 and average balances for each month. **Plaintiff shall obtain the certified copy of his trust
11 fund account statement for his account at the ADOC from the ADOC's Central Office**;
12     (3) That the Clerk of the Court is DIRECTED to enter a judgment of dismissal without
13 prejudice of this action, without further notice to Plaintiff, if Plaintiff fails to pay the two
14 hundred and fifty dollar ($250.00) filing fee, or in the alternative, if he fails to file a certified
15 Application To Proceed and a copy of his trust fund account statement(s) (or institutional
16 equivalent) for the six (6) months immediately preceding the filing of the Complaint, which
17 is certified by an authorized officer of the ADOC, by January 9, 2006;
18     (4) That a clear, legible copy of every pleading or other document filed SHALL
19 ACCOMPANY each original pleading or other document filed with the Clerk for use by the
20 District Judge or Magistrate Judge to whom the case is assigned. <u>See</u> Rule 5.4, Local Rules
21 of Civil Procedure (LRCiv). **Failure to submit a copy along with the original pleading
22 or document will result in the pleading or document being stricken without further
23 notice to Plaintiff;**
24     (5) That at all times during the pendency of this action, Plaintiff SHALL
25 IMMEDIATELY ADVISE the Court and the United States Marshal of any change of address
26 and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF
27 ADDRESS." The notice shall contain only information pertaining to the change of address
28

**JDDL**                                         - 3 -

1 and its effective date, except that if Plaintiff has been released from custody, the notice
2 should so indicate. The notice shall not include any motions for any other relief. Failure to
3 file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for
4 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5   DATED this 10th day of November, 2005.

_____
Neil V. Wake
United States District Judge

**JDDL**

- 4 -